UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Brian J. Billiot | CIVIL ACTION |
| VERSUS | NO: 22-311 |
| Hayden II, LLC | SECTION: "A" (3) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment to Pay Maintenance and Cure Benefits (Rec. Doc. 18)**. Defendant, Hayden II, opposes the motion. The motion, submitted for consideration on August 3, 2022, is before the Court without oral argument. For the following reasons, the Motion for Summary Judgment is DENIED.

Plaintiff filed this action to recover for damages allegedly sustained on January 26, 2022, while working as a seaman on the vessel Hayden II. Plaintiff alleges that he slipped on an unsecured board during the scope of his employment, was injured as a result, and received medical care at a number of different medical providers. In this motion, Plaintiff is seeking summary judgment for maintenance and cure benefits from the date of his disability.

Maintenance is a contractual form of compensation afforded by the general maritime law to seamen who fall ill or are injured while in the service of a vessel. *Meche v. Doucet*, 777 F.3d 237, 244 (5th Cir. 2015)(quoting *Jauch v. Nautical Servs., Inc.,* 470 F.3d 207, 212 (5th Cir. 2006)(citing *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968))). Seamen are entitled to maintenance and cure from their employer for injuries that are sustained during their service on the vessel, until the seaman reaches

his full medical recovery. See *The Osceola*, 189 U.S. 158, 175, 23 S. Ct. 483, 47 L. Ed. 760 (1903), *superseded, in part, by the* Jones Act; see also *Vaughan v. Atkinson*, 369 U.S. 527, 531, 82 S. Ct. 997, 8 L. Ed. 2d 88 (1962).  When a seaman demands maintenance and cure, an employer is not obliged to immediately begin payments; rather, it may conduct a reasonable investigation of the claim and require corroboration without subjecting itself to compensatory or punitive damages. *Boudreaux v. Transocean Deepwater, Inc.,* 721 F.3d 723, 728 (5th Cir. 2013); *Brown v. Parker Drilling Offshore Corp.,* 410 F.3d 166, 171 (5th Cir. 2005); *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987), abrogated on other grounds by *Guevara v. Maritime Overseas Corp.,* 59 F.3d 1496 (5th Cir. 1995), abrogated on other grounds by *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 424, 129 S. Ct. 2561, 174 L. Ed. 2d 382 (2009).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). "[A] dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 994 F.3d 704, 707–08 (5th Cir. 2021) (quoting *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Sedgwick James*, 276 F.3d at 759 (citing *Anderson*, 477 U.S. at 255).  However, the Court must be wary to grant a motion for summary judgment prematurely, according to the Federal Rules of Civil Procedure 56(d).  Summary judgment is a mechanism that requires, while not all

discovery, enough evidence to present facts essential to justify its opposition. *Federal Rules of Civil Procedure 56*.

In the instant case, Plaintiff moved for summary judgment in the first two weeks of the discovery period. Because of the hastiness of this motion, neither party was able to provide the Court with much evidence to prove or disprove that the Plaintiff sustained injuries on Hayden II, what kind of injuries he allegedly sustained, and even if Plaintiff was employed by Defendant at the time of the alleged injury. Furthermore, viewing the evidence in a light most favorable to the Defendant, there are genuine issues of material fact as to many aspects of Plaintiff's claims. Plaintiff alleges his injury was unwitnessed by any other employees. However, in Plaintiff's original complaint, he claimed to have injured his back within the scope of Defendant's employment on February 20, 2019, which was later determined to be inaccurate. In the absence of *any* corroborating evidence to support his claim at this juncture in discovery, and viewing the evidence in the light most favorable to the non-moving party, granting a motion for summary judgment would be contrary to the evidence presented.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment to Pay Maintenance and Cure Benefits (Rec. Doc. 18)** filed by Plaintiff, Brian J. Billiot, is **DENIED**.

October 4, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE